SEALED    FILED
FEB 0 9 2004
Phil Lombardi, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. |
| | ) | **UNDER SEAL** |
| Plaintiff, | ) | **INDICTMENT** |
| | ) | |
| vs. | ) | [21 U.S.C. § 846, 841(a)(1) and |
| | ) | 841(b)(1)(C): Conspiracy to |
| BRANDON GREGORY OUTLAW, | ) | Possess with Intent to Distribute |
| and | ) | a Controlled Substance; |
| BRANDON DEWAYNE BROOKS, | ) | 21 U.S.C. § 853: Criminal |
| | ) | Forfeiture; |
| Defendants. | ) | 21 U.S.C. §§ 841(a)(1) & |
| | | (b)(1)(C): Possession with Intent |
| | | to Distribute a Controlled |
| | | Substance] |

**THE GRAND JURY CHARGES:**   04CR026H

**COUNT ONE**

[21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(C)]

Beginning in or around the Summer of 2003, the exact date unknown to the Grand Jury, and continuing until the date of this Indictment, in the Northern District of Oklahoma, and elsewhere, **BRANDON GREGORY OUTLAW, and BRANDON DEWAYNE BROOKS**, Defendants herein, and other co-conspirators, both known and unknown to the Grand Jury, did knowingly and willfully, and intentionally conspire, confederate and agree with each other and others, known and unknown to the Grand Jury, to commit offenses against the United States, in violation of Title 21, United States Code, Section 846, as follows:

February 9, 2004 (1:17pm)        1



## OBJECTS OF THE CONSPIRACY

The objects of the conspiracy were:

1. To possess with intent to distribute and to distribute quantities of 3, 4 methylenedioxy methamphetamine (MDMA), also known as "Ecstasy," a schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

2. To possess with intent to distribute and to distribute quantities of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

3. To possess with intent to distribute and to distribute quantities of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

## MEANS AND METHODS OF THE CONSPIRACY

The objects of the conspiracy were to be accomplished and were accomplished by the following means and methods:

1. **BRANDON GREGORY OUTLAW and BRANDON DEWAYNE BROOKS**, and others both known and unknown to the Grand Jury, would and did arrange for, coordinate and orchestrate the shipment of controlled substances, specifically, 3,4 methylenedioxy methamphetamine (MDMA), also known as "Ecstasy", from source locations, such as Vancouver, British Columbia, Canada, and elsewhere, to the Northern

District of Oklahoma. Said controlled substances were obtained for distribution within the Northern District of Oklahoma and elsewhere.

2.  **BRANDON GREGORY OUTLAW and BRANDON DEWAYNE BROOKS**, and others both known and unknown to the Grand Jury would and did arrange finances and supervise the shipment of 3, 4 methylenedioxy methamphetamine (MDMA), also known as "Ecstasy", from Vancouver British Columbia, Canada, and elsewhere to the Northern District of Oklahoma for the purpose of distribution.

3.  **BRANDON GREGORY OUTLAW and BRANDON DEWAYNE BROOKS** and others both known and unknown to the Grand Jury would and did distribute quantities of 3, 4 methylenedioxy methamphetamine (MDMA), also known as "Ecstasy", and thereby receive quantities of U.S. Currency for the MDMA. Said U.S. Currency was utilized to obtain further quantities of controlled substances, arrange for other shipments, and pay expenses in furtherance of the organization's narcotics distribution enterprises.

4.  **BRANDON GREGORY OUTLAW and BRANDON DEWAYNE BROOKS**, and others both known and unknown to the Grand Jury, would and did secrete money, and controlled substances, such as: 3,4 methylenedioxy methamphetamine (MDMA), also known as "Ecstasy", cocaine, and methamphetamine, at various locations in an effort to distance themselves from the controlled substances and money in an attempt to avoid detection and apprehension by law enforcement. The organization typically utilized

food containers that contained false bottoms or compartments where the controlled substances or money was secreted.

5. **BRANDON GREGORY OUTLAW and BRANDON DEWAYNE BROOKS**, and others, both known and unknown to the Grand Jury would and did utilize telephones (cellular and otherwise) and pagers to conduct and carry out the distribution of the controlled substances and in order to further the narcotics trafficking operation.

6. It was part of the conspiracy and understood that the co-conspirators could contact alternative sources or mules, cultivate their own customers, and otherwise act alone when they deemed it necessary and, although there may have been periodic disagreements or disruptions in the organization's activities, the co-conspirators acted with the knowledge and support of each other's unlawful trafficking activity and each co-conspirator some time during the course of the conspiracy, knowingly and intentionally agreed and acted jointly with other co-conspirators, and in a interdependent manner to achieve the common goal of buying and selling, storing, shipping, transporting, and distributing controlled substances, including: 3, 4 methylenedioxy methamphetamine (MDMA), also known as "Ecstasy", Cocaine and Methamphetamine.

## OVERT ACTS

To effect the objects of the conspiracy **BRANDON GREGORY OUTLAW, and BRANDON DEWAYNE BROOKS**, Defendants herein, and other co-conspirators, both

February 9, 2004 (1:17pm)            4

known and unknown, committed diverse overt acts in the Northern District of Oklahoma and elsewhere, but not limited to the following:

1.  During and throughout the summer of 2003, the exact dates being unknown, **BRANDON DEWAYNE BROOKS**, delivered quantities of MDMA "Ecstasy" pills to various individuals known to the Grand Jury for subsequent distribution and use.

2.  On or about June 24, 2003, **BRANDON GREGORY OUTLAW** delivered approximately one thousand (1,000) MDMA "Ecstasy" pills to **BRANDON DEWAYNE BROOKS**, while at **BROOKS'** apartment located at 2209 South 96th East Avenue, Apt. #B, Tulsa, Oklahoma. **BRANDON DEWAYNE BROOKS** paid **BRANDON GREGORY OUTLAW** a large quantity of U.S. Currency for the One Thousand (1,000) (MDMA) pills.

3.  On or about June 25, 2003, **BRANDON DEWAYNE BROOKS** and a person known to the Grand Jury were in possession of a large quantity of MDMA "Ecstasy", while riding in **BROOKS'** vehicle. The MDMA "Ecstasy" pills were concealed and hidden in containers that had false bottoms.

4.  On or about June 26, 2003, **BRANDON GREGORY OUTLAW** picked up the approximately two pounds or One Thousand (1000) MDMA "Ecstasy" pills at a Mail Box Etc., Box 139, located at 8988 South Sheridan, Tulsa, Oklahoma. The Ecstasy pills were sent via United Parcel Service (UPS) from an address in Vancouver, British Columbia, Canada. **BRANDON GREGORY OUTLAW** then traveled to a location near 6215 E. 86th

Place, Tulsa, Oklahoma, where he (**OUTLAW**) threw the UPS package out the window of his vehicle, in an attempt to avoid law enforcement detection and apprehension.

5. On June 26, 2003, **BRANDON GREGORY OUTLAW** picked up approximately 13.5 ounces of cocaine at the Mail Box Etc., Box 139, located at 8988 South Sheridan, Tulsa, Oklahoma. The cocaine was shipped to **BRANDON GREGORY OUTLAW** via Federal Express, from "Greg Hill" - S Productions, 3800 Commerce #301, Dallas, Texas 75226. **BRANDON GREGORY OUTLAW** then traveled to a location near 6215 East 86th Place, Tulsa, Oklahoma, where he (**OUTLAW**) threw the Federal Express shipping box out the window of his vehicle, in an attempt to avoid law enforcement detection and apprehension.

6. On or about June 27, 2003, **BRANDON DEWAYNE BROOKS** and a person known to the Grand Jury, drove to **BRANDON GREGORY OUTLAW**'s residence, located at 6819 East 83rd Place, Tulsa, Oklahoma, where **BRANDON DEWAYNE BROOKS**, left concealed by the front door of the residence, a large unknown quantity of U.S. Currency.

7. On or about June 28, 2003, **BRANDON DEWAYNE BROOKS** and a person known to the Grand Jury, made various deliveries of quantities of MDMA "Ecstasy" to various persons known to the Grand Jury; including: George Moss aka "Ish", located at 2006 East 51st Street, Apartment C, Tulsa, Oklahoma, James West, located at 80 East 52nd Street, Tulsa, Oklahoma, and Monad Kiysuren, aka "Turk" located at 7218 East 47th Street, Tulsa, Oklahoma.

February 9, 2004 (1:17pm)                                  6

8. On or about June 30, 2003, **BRANDON DEWAYNE BROOKS** and a person known to the Grand Jury, drove to various locations in the Tulsa, Oklahoma area, and collected quantities of U.S. Currency from persons known and unknown to the Grand Jury for MDMA "Ecstasy" pills previously "fronted" or delivered to these persons known and unknown.

9. During and throughout the summer of 2003, the exact dates being unknown, **BRANDON DEWAYNE BROOKS** distributed large quantities of MDMA "Ecstasy" pills and cocaine, to persons known and unknown to the Grand Jury in the Tulsa, Oklahoma area.

10. During and throughout the summer of 2003, the exact dates being unknown, **BRANDON GREGORY OUTLAW** and **BRANDON DEWAYNE BROOKS** utilized cellular telephones to communicate and make the necessary arrangements to further their narcotics distribution enterprise.

## FORFEITURE ALLEGATION
## [DRUG FORFEITURE - 21 U.S.C. § 853]

Upon conviction of the Conspiracy alleged in Count One of this Indictment, Defendants **BRANDON GREGORY OUTLAW and BRANDON DEWAYNE BROOKS**, shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds the said Defendants obtained, directly or indirectly, as a result of such Conspiracy, and any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission, of such Conspiracy, including but not limited to the following:

1. **MONEY JUDGMENT:**

    A sum of money equal to Five Hundred Thousand Dollars ($250,000.00) in United States Currency, representing proceeds obtained as a result of the Conspiracy, for which the Defendants **BRANDON GREGORY OUTLAW and BRANDON DEWAYNE BROOKS** are jointly and severally liable.

2. **SUBSTITUTE ASSETS**

    Pursuant to Title 21, United States Code, Section 853(p), each Defendant shall forfeit substitute property, up to the value of the amount described in paragraph One, if, by any act or omission of the Defendants, the property described in paragraph One, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been co-mingled with other property which cannot be divided without difficulty.

All in accordance with Title 21, United States Code, Section 853 and Rule 32.2(a) Federal Rules of Criminal Procedure.

February 9, 2004 (1:17pm)                                8

## COUNT TWO

### [21 U.S.C. § 841(a)(1) and 841 (b)(1)(C)]

On or about June 26, 2003, in the Northern District of Oklahoma, **BRANDON GREGORY OUTLAW**, Defendant herein, did knowingly and intentionally possessed with intent to distribute a quantity of 3,4 methylenedioxy methamphetamine (MDMA) also known as "Ecstasy", a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT THREE

**[21 U.S.C. § 841(a)(1) and 841 (b)(1)(C)]**

On or about June 26, 2003, in the Northern District of Oklahoma, **BRANDON GREGORY OUTLAW**, Defendant herein, did knowingly and intentionally possessed with intent to distribute a quantity of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT FOUR

**[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)]**

In or about the end of June, 2003, the exact date unknown, in the Northern District of Oklahoma, **BRANDON DEWAYNE BROOKS**, Defendant herein, did knowingly and intentionally possess with intent to distribute and distribute a quantity of 3,4 methylenedioxy methamphetamine (MDMA), also known as "Ecstasy", a Schedule I controlled substance, to a person known to the Grand Jury, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FIVE

**[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)]**

In or about the end of June, 2003, the exact date unknown, in the Northern District of Oklahoma, **BRANDON DEWAYNE BROOKS**, Defendant herein, did knowingly and intentionally possess with intent to distribute and distribute a quantity of 3,4 methylenedioxy methamphetamine (MDMA), also known as "Ecstasy", a Schedule I controlled substance, to a person known to the Grand Jury, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SIX

### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)]

In or about the end of June, 2003, the exact date unknown, in the Northern District of Oklahoma, **BRANDON DEWAYNE BROOKS**, Defendant herein, did knowingly and intentionally possess with intent to distribute and distribute a quantity of 3,4 methylenedioxy methamphetamine (MDMA), also known as "Ecstasy", a Schedule I controlled substance, to a person known to the Grand Jury, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

A TRUE BILL

DAVID E. O'MEILIA
United States Attorney

ROBERT T. RALEY
Assistant United States Attorney
Organized Crime Drug Enforcement
    Task Force

Foreman